UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-20414-SCOLA

UNITED STATES OF AMERICA

vs.

RODOLFO FERNANDO PUIG,

      Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and (hereinafter referred to as the "defendant") enter into the following agreement:

1. Pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, the defendant agrees to waive indictment and plead guilty to the one-count Information, which charges failure to pay over, in violation of Title 26, United States Code, Section 7202.

2. The defendant agrees to plead guilty to the information.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and the Court may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under

the Sentencing Guidelines, but the Court is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and the defendant may not withdraw the plea solely because of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to five (5) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture and restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations

contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. This Office, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. This Office and the defendant agree that, although not binding on the probation office or the Court, the tax loss, to include all known tax fraud, in all years, as related conduct is not more than $930,285.00. See U.S.S.G. § 2T1.1. comment (n.2); U.S.S.G. § 1B1.3(a)(2).

9. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office, or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his/her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

10. The defendant agrees to cooperate with the Internal Revenue Service ("IRS") in its civil examination, determination, assessment, and collection of trust fund taxes related to Dade Federal Investigation Agency, Inc., d/b/a Dade Federal Security, for the tax years 2013 through 2016, and further agrees not to conceal, transfer, or dissipate funds or property that could be used to satisfy such taxes, penalties, and interest. The defendant agrees to provide the IRS any documentation in the defendant's possession and/or control requested by the IRS in connection with its civil examination, determination, assessment, and collection of such income taxes prior to sentencing. The defendant further knowingly and voluntarily agrees to waive any statute of

limitations with respect to assessment and collection of the defendant's individual and corporate tax liabilities.

11. The defendant agrees to pay all taxes, interest, and negotiated penalties due and owing to the IRS, including all taxes, interest, and negotiated penalties, related to the trust fund taxes associated with Dade Federal Investigation Agency, Inc., d/b/a Dade Federal Security, for the fourth quarter of tax year 2013 through the third quarter of 2016, at a rate agreed upon by IRS and the defendant, as restitution, if so ordered by the Court. The total amount of restitution sought in this criminal matter is $387,619.00. Nothing in this agreement shall limit the IRS in its civil determination, assessment, and collection of any taxes, interest, and/or penalties that the defendant may owe.

12. The defendant agrees that any statements made by the defendant to the IRS and/or in this agreement shall be admissible against the defendant without any limitation in any civil or criminal proceeding and the defendant stipulates to the authenticity and admissibility, in any civil or criminal proceeding, of any documentation provided by the defendant to the IRS. The defendant hereby waives any protection afforded by Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure with regard to any such statements and documentation. If the defendant withdraws from this agreement prior to pleading guilty and/or fails to fully comply with any of the terms of this agreement, the United States will, at its option, be released from its obligations under this agreement, but under no circumstances shall the defendant be released from the agreements and waivers made by the defendant in this and the preceding two paragraphs.

13.     The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.  The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.  However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights.  By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.  The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

**((intentionally left blank))**

14. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 1/10/23    By: *[signature]*
WILL J. ROSENZWEIG
ASSISTANT UNITED STATES ATTORNEY

Date: 1-10-23   By: *[signature]*
MICHAEL SMITH
ATTORNEY FOR DEFENDANT

Date: 1-10-23   By: *[signature]*
RODOLFO FERNANDO PUIG
DEFENDANT